IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-CV-01746-MJW

GENEVA C. TEWELL,

    Plaintiff,

v.

WAL-MART STORES INC.
G&K SERVICES, INC.

    Defendants.

---

**PROTECTIVE ORDER** (Docket No. 28-1)

---

WHEREAS, the Court finds good cause for entry of an order to protect the discovery and dissemination of confidential information and information that would annoy, embarrass, or oppress parties, witnesses, and persons providing discovery in this civil action,

IT IS ACCORDINGLY ORDERED THAT:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in FED. R. CIV. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within meaning of this term.

3. Information designated as "CONFIDENTIAL" shall be information that is confidential and implicates: (a) the proprietary, confidential, competitively sensitive and/or

trade secret information of G&K Services, Inc.; or (b) any individual's common law or statutory privacy interests.

4. No party shall designate any document "CONFIDENTIAL" that has been admitted into evidence at any trial or hearing, unless the Court; (a) ~~sealed public~~ *Restricted* access to the document and/or closed the hearing/trial to the public; or (b) any motion to do so is pending.

5. Documents, materials, and/or information designated "CONFIDENTIAL" (collectively "CONFIDENTIAL information") shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives of the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents or witnesses during the course of any examination; and

(h) other persons by written agreement of the parties.

2

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall sign a copy of Exhibit A attached hereto, thereby agreeing to be bound by the terms of this Protective Order and to submit to the jurisdiction of this Court as to matters concerning compliance with this Protective Order. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information

shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and ~~sealing~~ Restricted Access To ~~of~~ the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties.

12. If a party intends to attach to any motion or court filing any Protected Document or information contained therein or intends to disclose any Protected Document or information during the trial of this case, that party shall, comply with D.C.Colo.LCivR. 7.2 and give written notice to G&K of such intent and shall identify such Protected Documents or information to be so disclosed at least fifteen (15) days before the filing is made or before the date this case is set for trial, so that G&K might take any steps it deems necessary to protect the confidential nature of any Protected Document or any information contained therein that may be disclosed.

13. The parties shall work with G&K to establish procedures to assure continued confidentiality of any Protected Document or any information contained therein to be offered at the trial of this case.

14. All Protected Documents shall be maintained under the control of and accounted

4

for by the attorney, party or other entity or person receiving them. Upon final termination of this case as to G&K (including all appeals involving G&K), any attorney, party or other entity or person receiving any Protected Document unless otherwise agreed to in writing by G&K or ordered by the Court, shall promptly (1) return to or provide written certification to G&K's counsel of the destruction of all Protected Documents and all documents incorporating information from Protected Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product; (2) return or provide written certification of the destruction of all DVDs, CDs or other media containing or incorporating Protected Documents; (3) return or provide written certification of the destruction of all Protected Documents and all documents incorporating information from Protected Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product that has been stored on any portable media (DVD, CD, USB flash drive, etc.); (4) provide certification of deletion of Protected Documents and all documents containing information from Protected Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person from all systems, applications, hard drives, servers, web-based or other storage repositories of any type; and (5) provide assurance that no steps will be taken at any time in the future to restore deleted Protected Documents and all documents containing information from Protected Documents, and that any inadvertent violation of this assurance and steps taken to remedy it will be promptly reported to the other party. The deletion required under subpart (4) of this paragraph shall not require deletion from backup tapes.

15. In the event that G&K inadvertently produces or discloses any document or information in this case without intending to waive a claim that it is confidential or privileged,

such production or disclosure shall not be a waiver, in whole or in part, of a claim of confidentiality or privilege as to any such document or information. Within ten (10) days after G&K actually discovers that such production or disclosure was made, G&K shall provide written notice to Plaintiff and any other party, entity, or person to whom such production or disclosure was made. Plaintiff and all such other parties, entities, and persons shall not review, copy, or otherwise disseminate or disclose any of the specified documents or information following receipt of G&K's notice, and shall return the specified documents and information and all copies thereof within ten (10) days of receipt of G&K's notice.

16. This Protective Order shall be binding upon the parties to this case and all persons and entities signing a copy of the attached Exhibit A, and upon their attorneys, and upon all such parties, persons, entities, and attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17. The terms of this Protective Order shall not terminate at the conclusion of this litigation, but shall remain in full force and effect. The Court will retain jurisdiction to enforce this order even after the other matters in this case have been dismissed.

18. This Protective Order also governs the use of videotaped depositions obtained during this litigation if the videotaped depositions contain information properly subject to protective order and designated as CONFIDENTIAL. The parties and their counsel to this case are prohibited from publicly disseminating any deposition videotape obtained by any party during this case or otherwise use such videotape deposition or depositions for any purpose outside of this litigation except by further Order of Court.

19. This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

DATED this 19th day of October, 2015.

BY THE COURT:

/s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-CV-01746-MJW

GENEVA C. TEWELL,

    Plaintiff,

v.

WAL-MART STORES INC.
G&K SERVICES, INC.

    Defendants.

---

**EXHIBIT A**
**DECLARATION AND AGREEMENT TO BE BOUND**

---

I, _____ declare as follows:

1. My address is _____.

2. My present employer is _____, and the address of my present employer is _____.

3. I hereby acknowledge that I may receive information designated as confidential under the Protective Order of the Court in the above lawsuit, and I certify my understanding that such Confidential Information is provided to me pursuant to the terms and restrictions of the Protective Order in the above-captioned case, which is dated _____.

4. I further state that I have been given a copy of and have read the Protective Order, that I am familiar with its terms, that I agree to comply with and to be bound by each of the terms in the Protective Order, I agree to hold in confidence any Confidential Information disclosed to me pursuant to the terms of the Protective Order and understand that unauthorized disclosure of any Confidential Information, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court.

5. To assure my compliance with the Protective Order, I hereby submit myself to the jurisdiction of this Court for the limited purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

6. I understand that I am to retain all of the materials that I receive which have been designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order; that I agree to protect such materials from inadvertent disclosure; that all such material are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the Party who provided them to me; and that any materials, memoranda, work notes, or other documents derived from the documents designated as Confidential are to be delivered to the Party who provided the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed by the Protective Order. I further agree to notify any stenographic or clerical personnel assisting me of the terms of the Protective Order.

7. I declare under the penalty of perjury under the law of the State of Colorado and the United States of America that the foregoing is true and correct.

Executed on: _____

By: _____